# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 5:18-CV-01357 RGK (FFMx) | Date | October 16, 2018 |
|---|---|---|---|
| Title | *JAMES RUTHERFORD v. CERVANTES FIESTA MEXICAN FOOD, et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE |
|---|---|

| Sharon L. Williams (not present) | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**      **(IN CHAMBERS) Order re: Plaintiff's Motion for Default Judgment (DE 16)**

The Court has reviewed the court record, application for default judgment, and evidence submitted in support of the application. Having fully considered the facts and evidence, the Court finds it appropriate to grant default judgment in favor of James Rutherford ("Plaintiff") against Cervantes Fiesta Mexican Food, and Talat Radwan and Jason Radwan, co-trustees of the Malki Living Trust (collectively, "Defendants").

Therefore, the Court awards:

(1)      Injunctive relief enjoining Defendants from further violations of the ADA, 42 U.S.C. § 12181, *et. seq.* and UCRA Civil Code § 51 *et. seq.,* and mandating that Defendants provide an ADA compliant premises that is readily achievable; and

(2)      $4,000 in statutory damages pursuant to Cal. Civ. Code § 52(a).

Plaintiff also requests attorneys' fees, litigation expenses, and costs of suit, pursuant to 42 U.S.C. § 12205 and California Civil Code § 52.

In computing attorneys' fees, the Court determines the reasonable fee award. *City of Burlington v. Dague*, 505 U.S. 557, 559 (1992). The Court begins by calculating the lodestar amount, which is the number of hours reasonably expended on litigation, multiplied by a reasonable hourly rate. *Sorenson v. Mink*, 239 F.3d 1140, 1149 n.4 (9th Cir. 2001). The fee applicant bears the burden of substantiating the hours worked and the rates claimed. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

The lodestar amount is strongly presumed to be reasonable. *City of Burlington*, 505 U.S. at 561. However, courts may adjust the lodestar upward or downward based upon facts not subsumed in the initial lodestar calculation. *Sorenson*, 239 F.3d at 1149 n.4. The amount of reasonable attorneys' fees is "committed to the sound discretion of a trial judge." *Perdue v. Kenny A. ex rel. Winn*, 130 S. Ct. 1662,

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 5:18-CV-01357 RGK (FFMx) | Date | October 16, 2018 |
|---|---|---|---|
| Title | *JAMES RUTHERFORD v. CERVANTES FIESTA MEXICAN FOOD, et al* | | |

1675 (2010).

Plaintiff requests $4,207 in attorneys' fees, and $440 in litigation expenses and costs. As to attorneys' fees, Plaintiff contends that he is entitled to recover for 9.9 hours of work at a rate of $425.00 per hour. The Court agrees that Plaintiff is entitled to attorneys' fees and costs. However, the Court reduces the reasonable hours spent and the reasonable hourly rate as it pertains to a portion of the reduced hours.

    *1.    Reasonable Rate*

In determining a reasonable hourly rate, courts consider several factors, including: (1) the experience, skill, and reputation of the applicant; (2) the prevailing rate in the community for comparable attorneys; and (3) the novelty or difficulty of the issues presented. *See Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007); *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986).

Plaintiff requests an hourly rate of $425.00 per hour. Other than a declaration from Plaintiff's counsel stating his 15 years of experience in a "nuanced area of law," Plaintiff has failed to present any evidence of the prevailing rate in the community for comparable attorneys. While actions under the ADA and Unruh Civil Rights Act may present novel or difficult issues, the current action does not qualify as such a case. According to the complaint, this action involves straightforward issues regarding accessible parking spaces, sidewalk slope, and restroom facilities of a small commercial establishment. Moreover, review of the work performed shows that a portion of the hours spent do not require the expertise of an experienced senior attorney in this area of law.

Notwithstanding, the Court will apply a $425 hourly rate, but only as to the hours spent on tasks warranting a level of expertise commensurate with this billable rate. As to the remaining hours, the Court finds that based on its own familiarity with the legal market in this area, derived from countless other fee requests, $350 per hour is a reasonable hourly rate.

    *2.    Reasonable Hours*

The number of hours reasonably expended on a matter includes time spent drafting and revising pleadings, meeting with clients, preparing the case for trial, and handling an appeal. *Hensley*, 461 U.S. at 430. Courts may reduce the hours claimed when documentation is inadequate or time was not reasonably expended. *Sorenson*, 239 F.3d at 1146.

Plaintiff has provided documentation showing that Plaintiff's counsel spent 9.9 hours working on this litigation. However, upon review of the documentation, the Court finds that the time spent on client meetings, assessment of the site, and drafting of the application for default judgment and related

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:18-CV-01357 RGK (FFMx) | Date | October 16, 2018 |
|---|---|---|---|
| Title | *JAMES RUTHERFORD v. CERVANTES FIESTA MEXICAN FOOD, et al* | | |

documents was not reasonably expended. The Court reduces the time spent on these matters by 1.8 hours, reducing the total hours expended to 8.1 hours. Of those hours, the Court finds that 3 hours, spent on researching public records, drafting the complaint, and reviewing and executing initial procedural matters, warrant the lower hourly rate.

Based on the above determinations, the Court awards Plaintiff $3,217.50 in attorneys' fees ($425.00 x 5.1 hours, and $350.00 x 3 hours). The Court, in its discretion, finds no reason to further adjust the lodestar amount.

Plaintiff also seeks to recover $440 in filing fees and service costs. These costs are reasonable and appropriate.

In light of the foregoing, the Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion for Default Judgment as follows:

(1)     Injunctive relief enjoining Defendants from further violations of the ADA, 42 U.S.C. § 12181, *et. seq.* and UCRA Civil Code § 51 *et. seq.,* and mandating that Defendants provide an ADA compliant premises that is readily achievable;
(2)     $4,000 in statutory damages pursuant to Cal. Civ. Code § 52(a); and
(3)     Attorneys' fees and costs in the amount of $3,657.50.

Plaintiff is order to file a Proposed Judgment consistent with this Order no later than **5 days** from the date this Order is entered.

**IT IS SO ORDERED**.

_____ : _____

Initials of Preparer _____